2007 WY 50

**Paul Albert FRENZEL, Appellant (Petitioner),**

v.

**STATE of Wyoming, Department of Family Services, Appellee (Respondent).**

**No. 06–163.**

Supreme Court of Wyoming.

March 21, 2007.

Rehearing Denied April 11, 2007.

Representing Appellant: Paul Albert Frenzel, Pro Se.

Representing Appellee: Patrick J. Crank, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Jacob L. Brooks, Assistant Attorney General; and Dan Wilde, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] The appellant, an inmate at the Wyoming State Penitentiary, appeals from an order of the district court denying his petition to modify a child support order and to grant him a reduction in the amount of his child support obligation arrearage. We dismiss the appeal because it was untimely filed.

[¶ 2] A Judgment and Order of Paternity and Support was entered in the district court on January 20, 1994, whereby the appellant was adjudged to be the "natural" father of two children, and was ordered to pay $50.00 per month to the children's mother as child support. On October 17, 2005, the appellant filed a petition to modify child support, a motion to modify child support arrearages, and an affidavit of indigency in which the appellant stated that he was financially unable to pay filing fees. The appellant's unsworn brief alleges that the district court granted his motion for leave to proceed *in forma pauperis* in the district court, but no

such order appears in the record on appeal.[1]

[¶ 3] The appellant's petition and motion were set for hearing on April 12, 2006. Prior to that date, the appellant filed a request to be able to participate in the hearing telephonically. The court file does not contain a responsive order, but there is a note attached to the request to the effect that the hearing would be by telephone. An order denying the petition and motion was entered on April 27, 2006, in which it was noted that the appellant failed to appear for the hearing.

[¶ 4] On May 23, 2006, the appellant attempted to file a notice of appeal from the April 27, 2006 order. He did not, however, pay the appellate docketing fee, proffering instead on June 1, 2006 a document entitled "Forma Pauperis," in which he sought waiver of the filing fee. The Clerk of the District Court declined to file the notice of appeal on the ground that the appellant was not entitled to *in forma pauperis* status in the appeal of a child support modification order. The appellant then paid the docketing fee and filed the notice of appeal on July 10, 2006.

[¶ 5] Three rules of appellate procedure bear directly upon this issue: (1) W.R.A.P. 1.03 declares that the timely filing of a notice of appeal is jurisdictional; (2) W.R.A.P. 2.01(a) requires that a notice of appeal be filed with the clerk of the trial court within thirty days of entry of the appealable order; and (3) W.R.A.P. 2.09(a) requires an appellant to pay the appellate docketing fee, or to deliver an order permitting him to proceed *in forma pauperis*, to the clerk of the trial court at the time the notice of appeal is filed. In the instant case, the record leaves no doubt that the appellant did not pay the docketing fee or produce an order allowing him to proceed on appeal *in forma pauperis* when he attempted to file his notice of appeal

on May 23, 2006. W.R.A.P. 2.09(a) provides that the docketing fee *shall* be collected, so the district court clerk acted properly in refusing to file the notice of appeal. When the appellant did pay the fee and file his notice of appeal on July 10, 2006, more than thirty days had passed since entry of the order being appealed. Thus, the appeal being untimely, this Court does not have jurisdiction to hear it. W.R.A.P. 1.03.[2]

---

1. The record on appeal is not clear, due to the absence of any such order, and due to the absence of any evidence as to whether or not the appellant paid the requisite fee to file his petition and motion. Because they have not directly been raised or briefed, we will not herein answer either the question of whether a person may obtain *in forma pauperis* status for the purpose of filing in the district court a petition to modify a child support obligation without payment of district court filing fees, or whether a person may

obtain *in forma pauperis* status for the purpose of filing in this Court an appeal from the denial of a petition to modify a child support obligation without paying the appellate docketing fee.

2. One rule of appellate procedure that does not apply in this case is W.R.A.P. 10.07, relied upon by the appellant. It applies only to criminal appeals.